UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES LEE BALLARD,

    Plaintiff,

v.                                             Case No. 1:22-cv-326-AW/MJF

CAPTAIN JAMES BECK, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff James Lee Ballard, proceeding *pro se*, initiated this civil-rights action by filing a complaint and motion for leave to proceed *in forma pauperis*. Docs. 1, 7. Although the undersigned granted Ballard leave to proceed *in forma pauperis*, the undersigned subsequently learned that Ballard had incurred three strikes under 28 U.S.C. § 1915. Because Ballard has incurred three strikes and has not alleged that he is in imminent danger, the District Court should revoke Ballard's leave to proceed *in forma pauperis* and dismiss this action under 28 U.S.C. § 1915(g).

### I. Allegations of Ballard's Amended Complaint

Ballard is a pretrial detainee confined at the Alachua County Jail ("ACJ") awaiting trial on criminal charges in Alachua County Circuit Court Case No. 2018-CF-001513-A. *See* Doc. 16 at 4, 14. His ACJ Inmate Number is ASO13MNI009026. Ballard initiated this action on November 14, 2022. Doc. 1.

On February 22, 2023, Ballard filed an amended complaint. Doc. 16. The allegations in Ballard's amended complaint are substantially similar to the allegations in Ballard's original complaint. *Compare* Doc. 1, *with* Doc. 16. Ballard is suing three defendants, all of whom are employed in some capacity at the ACJ. Doc. 16 at 2–3. Ballard alleges that Defendants "threatened" Ballard not to report unspecified "criminal acts." *Id.* at 5–6. Defendants allegedly "threatened" Ballard that he would "never see the light of day" and "be locked up with no access to report the crime" in solitary confinement. *Id.* at 5. Defendants also allegedly "threatened" Ballard with "harm" and "injury." Doc. 1 at 5.

Ballard further alleges that Defendant James Beck, a captain at the ACJ, ordered that Ballard be placed in solitary confinement as a result of Ballard's attempts to report unspecified "federal crimes." Doc. 16 at 6. Ballard does not clarify whether he remains in solitary confinement, but since Ballard initiated this action on November 14, 2022, he has had no difficulty filing numerous documents. *See* Docs. 1, 4, 5, 6, 7, 8, 11, 12, 13, 15, 16.

Ballard fails to separate and label each claim he is asserting, despite the undersigned ordering him to do so. *See* Doc. 9 at 6. Regardless, it appears that Ballard is asserting claims under the First and Fourteenth Amendments, as well as claims under 18 U.S.C. § 1512, a criminal statute that does not create a civil cause of action. Doc. 16 at 9. As relief, Ballard requests $12.5 million in damages. *Id.*

## II. Discussion

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* when that prisoner previously had filed three or more actions that were dismissed for frivolity, maliciousness, or failure to state a claim. The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statute defines "prisoner" as "any person incarcerated or detained in any facility who is accused of . . . violations of criminal law." *Id.* § 1915(h).

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to section 1915(g) does not pay the filing fee at the time he initiates suit). The only exception is if the prisoner demonstrates that he is in imminent danger 'at the time that he seeks to file his suit in district court.'" *Daker v. Ward*, 999 F.3d 1300, 1310–11 (11th Cir. 2021) (quoting *Medberry v. Butler*, 185 F.3d 1189, 1192–

93 (11th Cir. 1999)); 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004). To fall within this exception, the prisoner's allegations must include "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (quotation omitted). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke section 1915(g)'s exception. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

One District Judge has recognized that Ballard has accrued at least three "strikes." *See Ballard v. State of Florida*, No. 4:22-cv-445-MW/MAF, 2023 WL 1765111 (N.D. Fla. Jan. 13, 2023) (dismissing action under section 1915(g) and identifying four of Ballard's prior civil actions dismissed in 2022 that qualify as strikes), *report and recommendation adopted*, 2023 WL 1967946 (N.D. Fla. Feb. 13, 2023). Ballard's strikes include the following cases:

- *Ballard v. Fla. Bar Ass'n.*, No. 4:22-cv-183-WS/MAF (N.D. Fla. Oct. 5, 2022) (dismissing action under 28 U.S.C. § 1915(e)(2)(B)(ii), (iii), for failure to state a claim, for Ballard's failure to accurately disclose his prior litigation, and because Ballard sought monetary relief against a defendant who was immune from such relief);

- *Ballard v. Watson*, No. 1:22-cv-103-AW/MAF, 2022 WL 3018168 (N.D. Fla. July 28, 2022) (dismissing action for Ballard's failure to accurately disclose his litigation history);

- *Ballard v. Broling*, No. 1:22-cv-104-AW/MJF, 2022 WL 3441900 (N.D. Fla. July 28, 2022) (same); and

- *Ballard v. Judicial Qualifications*, No. 4:22-cv-266-MW/MAF, 2022 WL 4133302 (N.D. Fla. Sept. 12, 2022) (dismissing action for Ballard's failure to honestly disclose his prior litigation history and because Ballard sought monetary relief against a defendant who was immune from such relief).[1]

Because Ballard has incurred at least three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). But Ballard's allegations—that he was subject to vague threats of "harm," "injury," and solitary confinement at the time he initiated this action—are not "specific, credible allegations of imminent danger of serious physical harm." *Hafed*, 635 F.3d at 1179; *Martin*, 319 F.3d at 1050.

Because Ballard is barred from proceeding *in forma pauperis* and he failed to pay the filing fee at the time he initiated this lawsuit, the District Court should revoke Ballard's leave to proceed *in forma pauperis* and dismiss this action without prejudice under 28 U.S.C. § 1915(g). *See Dupree,* 284 F.3d at 1236.

### III. CONCLUSION

Because Ballard has incurred at least three strikes and has not alleged that he is under imminent danger of serious physical injury, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **REVOKE** Ballard's leave to proceed *in forma pauperis*. Doc. 10.

---

[1] Ballard acknowledges having filed all these lawsuits. Doc. 16 at 15.

2.  **DISMISS** this action under 28 U.S.C. § 1915(g) without prejudice to Ballard initiating a new cause of action accompanied by payment of the $402.00 filing fee.

3.  **DIRECT** the clerk of the court to close this case file.

At Pensacola, Florida, this 27th day of February, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**